**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| CONRAD LAMONT SLOCUMB, ) <br> #197165, AKA CONRAD L. ) <br> SLOCUMB, ) <br> ) CIVIL ACTION NO. 9:13-734-JFA-BM <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BERNARD MCKIE, ) <br> WARDEN, ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> Respondent. ) <br> _____) | |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on March 15, 2013.[1] Petitioner is a state prisoner housed at the Kirkland Correctional Institution.

On May 30, 2013, the Respondent filed a return and motion for summary judgment, as well as a separate motion to dismiss, without prejudice, based on Petitioner's failure to exhaust his administrative remedies. As the Petitioner is proceeding pro se, a Roseboro order was filed on June 3, 2013, advising Petitioner that he had thirty-four (34) days to file any material in opposition to the Respondent's motions. Petitioner was specifically advised in that order that if he failed to respond adequately, the motion for summary judgment and/or motion to dismiss may be granted, thereby ending his case.

Petitioner thereafter filed a memorandum in opposition on June 17, 2013. This matter

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



is now before the Court for disposition.[2]

## Procedural History

Petitioner was convicted after a jury trial held in Richland County on November 12-16, and 18-19, 1996, of burglary, first degree [Indictment No. 96-GS-40-11974]; criminal sexual conduct, first degree [Indictment No. 96-40-11979]; kidnapping [Indictment No. 96-GS-40-11980]; robbery [Indictment No. 96-GS-40-12004][3] and escape [Indictment No. 96-GS-40-12010] (R.pp. 1696-1710). See ECF No. 16-9, p. 9, in C/A No. 9:10-1605. Petitioner filed a prior federal habeas action on June 18, 2010; see C/A No. 9:10-1605-HMH-BM; to which Respondent filed a return conceding that Petitioner was entitled to have his life without parole sentence for burglary first degree vacated pursuant to Graham v. Florida, 130 S.Ct. 2011 (2010). On June 3, 2010, the Honorable Henry M. Herlong, Jr., Senior United States District Judge, vacated the burglary first degree sentence, and directed the State to re-sentence Petitioner. See Order filed in 9:10-1605, ECF No. 22.

On April 25, 2013, Petitioner was re-sentenced. See Respondent's Memorandum in Support of Summary Judgment and Motion to dismiss without Prejudice, Attachment One. Petitioner filed a notice of appeal in the South Carolina Court of Appeals on May 2, 2013 (served on April 30, 2013). See Respondent's Memorandum in Support of Summary Judgment and Motion to dismiss without Prejudice, Attachment Two. It is uncontested by the parties that this appeal is still pending.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment and a motion to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]Robbery was a lesser included offense on his indicted charge of armed robbery.



See Respondent's Memorandum in Support of Summary Judgment and Motion to dismiss without Prejudice, Attachment Five; see also Petitioner's Memorandum in Opposition to Summary Judgment and Motion to dismiss without Prejudice.

**Discussion**

In his pro se Petition for writ of habeas corpus filed in this United States District Court, Petitioner asserts a violation of subject matter jurisdiction. See Petition, with attached exhibits. While the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, the Respondent has moved, inter alia, to dismiss the Petition without prejudice pursuant to Rule 12, Fed.R.Civ.P., for failure of the Petitioner to exhaust his state court remedies before filing this Petition, and after careful review of the facts and record presented, the undersigned is constrained to agree that the Respondent is entitled to dismissal on this ground.

Title 28 U.S.C. § 2254(b) provides that, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." Therefore, Petitioner's federal remedy of a writ of habeas corpus under § 2254 can only be sought after he has exhausted all of his remedies in the courts of the State of South Carolina. Picard v.



3

Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973). Respondent represents in his motion, and Petitioner does not contest, that Petitioner currently has an appeal pending in the South Carolina Court of Appeals on which no decision has yet been rendered. No evidence has been presented to show an absence of available state process, and the undersigned does not find that the state process available is ineffective in protecting Petitioner's rights. Therefore, Petitioner has failed to exhaust his state court remedies, subjecting this case to dismissal.[4]

### Conclusion

Based on the foregoing, it is recommended that this federal Petition be **dismissed**, without prejudice, for failure of the Petitioner to exhaust his state court remedies. Braden, 410 U.S. at 490-491; 28 U.S.C. § 2254(b) and (c); cf. Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court].

The parties are referred to the Notice Page attached hereto.

July 16, 2013  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

[4] Furthermore, if this federal petition were to be considered by this Court at this time, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of any future state proceedings that he may want to bring in the future because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b); see also, Pub.L. No. 104-132, 110 Stat. 1214, § 104 (amending 28 U.S.C. § 2254), Rule 9(b); Rose v. Lundy, 455 U.S. 519, 520-521 (1982).

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5

