IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Conrad Lamont Slocumb, | ) | C/A No.:  9:13-734-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Bernard McKie, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Conrad Slocumb, is an inmate with the South Caroline

Department of Corrections.  He initiated this action pursuant to 28 U.S.C. § 2254 challenging

his original conviction and subsequent re-sentencing in state court.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein he suggests that the respondent's motion for summary judgment[2]

should be granted because petitioner has not exhausted his state court remedies.

The petitioner was advised of his right to file objections to the Report and

Recommendation, however he did not exercise that right and the time within which to do so

has now expired.  In the absence of specific objections to the Report of the Magistrate Judge,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Petitioner responded to the motion.

this court is not required to give any explanation for adopting the recommendation. *See*

*Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a careful review of the record, the applicable law, and the Report and

Recommendation, the court finds the Magistrate Judge's recommendation to be proper and

incorporates it herein by reference.

Accordingly, this action is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied because the petitioner

has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2).[3]

IT IS SO ORDERED.

August 16, 2013                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."